The next case today is United States v. Carlos Robert Garcia-Perez, appeal number 19-2054. Attorney Lerman, please introduce yourself for the record and proceed with your argument. Good morning, I'm attorney Kevin Lerman. I represent Carlos Garcia-Perez. With the court's permission, I'd like to save two minutes for rebuttal. Yes. Thank you. The district court's 42-month machine gun sentence is unreasonable because it unjustifiably exceeds the decades-old machine gun possession guideline, a guideline formulated and reformulated to suit the heartland of typical possession cases. Before hearing the last argument, I was about to mention that this court will likely have deja vu from Rivera-Berrios, but the reminder is much more recent here. The case here was remarkably similar to and following the steps of Rivera-Berrios, I'd like to first discuss why the conduct here precludes the court's upward variance, which essentially went unexplained in the colloquy. Then I'd like to address why Carlos Garcia's personal characteristics, if anything, warranted consideration of a sentence within or below the heartland guideline range. Zooming out, because there was great detail in the last argument, since the guidelines are meant to cover the mine run of crimes, an upwardly variant sentence cannot endure unless the judge identifies and explains some special characteristics that it can use to build an upward stairway to carry the case away from the guideline range built by the commission for specific offenses. Fortunately, last year's Rivera-Berrios decision, analyzing remarkably similar circumstances, establishes that when a person is caught having a forbidden automatic handgun, the case generally falls within the mine run of machine gun possession cases. As to the conduct, there was no meaningful difference between this case and Rivera-Berrios. Both young men had prohibited guns, the same gun, even. The court's focus was not on case-specific facts, but on discussion of what every machine gun is, and as it's defined in case law, a dangerous and unusual instrument. Like in Rivera-Berrios, the court's focus on a defining feature of automatic guns was universal in nature and not aggravating in this case. The sentence's goal, which effectively was to punish a term of art and not a specific act, is not an approved one under 3553A. The same can be said of the court's enumeration, like it did in Rivera-Berrios, and notably, unlike the case the court just heard, the court has a lot of insight from Rivera-Berrios because the same sentencing judge sentenced Carlos Garcia. The concerns like deterrence in 3553A2 are built into the set this case apart. The defining feature of a machine gun, that it can shoot more than one shot with a single trigger pull, is what makes possession of such an outlawed gun illegal, not aggravating. Every machine gun built after 1986 fits the bill. Julian Rivera-Berrios was out in the evening with the same type of pistol, was charged with the same offense, and ended up with the same sentence. What's the significance of the statement, I think this is by the sentencing judge, where he identifies the 65 rounds of ammunition, the three magazines, one of the magazines was in the firearm, was loaded, and the other two magazines were extended magazines, which were also loaded. What's the significance of the district court making that reference? The sentencing judge was reading that statement from the pre-sentence report, and that's a recitation of the facts from the PSR. I guess maybe I'll ask it more pointedly. I take it those are not facts that were present in Rivera-Berrios, because there's additional magazines here, and one of them's extended, and there's more rounds than were discussed in Rivera-Berrios. So why doesn't that take this outside of Rivera-Berrios and make it a more case-specific finding? It doesn't take it outside of Rivera-Berrios for two reasons. First, on the factual point, there were a very similar number of rounds as we identified in the reply brief. There were not only the 30-some rounds that Rivera-Berrios had, but there were also rounds that his companion had, and evaluating various cases that the court has decided, even as recently as Diaz-Luca, there were co-defendant guns and ammo that were included in that calculation. In spite of that, Rivera-Berrios still said that was typical of a garden-variety machine-gun offense, and we have cited in the opening brief authority noting what typical machine guns can carry in terms of ammo. Now, the court does have some cases where an amount of ammunition is doing more work. There are cases like Tirado-Nieves, where there were other significant facts doing most of the work. Usually, and perhaps in every one of the cases, they were linked to criminal history, which is not an issue here, where Garcia-Perez was a true first-time offender. What about the additional magazine? The additional magazine, not only were they similarly present, because there were two additional magazines in Rivera-Berrios, in addition to the one that was in the gun and the one that was in the defendant's pocket, but even if that could do some work, it couldn't do the work that the courts, it couldn't do a year above the sentencing range. Maybe it could alter within the range, but as a factor that would take this court up and above the range, especially considering Rivera-Berrios, it can't do that level of work. And not only that, the circuit rejected those specific arguments that the court just mentioned in Rivera-Berrios because there was a passing reference to the number of rounds. If the district court failed to anchor the above-the-guideline sentence in Rivera-Berrios, it for sure abused its discretion here, where all the courts colloquially did was focus again on the dangerous and unusual language and say some of the facts of the conviction. Moving briefly to characteristics, Carlos Garcia's circumstances generated compelling arguments that his youth-related brain development and true first-time offender warranted serious consideration for either a within-guideline sentence or a below-guideline sentence. Those factors went unconsidered in light of what the court's focus was. Finally... Just before you get to your final point, the judge did mention, at least made a reference to the community-based factors, I think, and if the guidelines are advisory, why wouldn't that be enough to allow a variant sentence to some degree? It wouldn't be enough to allow a variant sentence because there isn't the justification called for to apply that. Why not? And as far as the reference, I would point the court to page 43 of our appendix, which has page 11 of the reporter's transcript. The court's entire reference was within... The court's entire colloquy was within a couple of paragraphs, so I would respectfully disagree. Okay, so we have many cases in which we have said that it is not inappropriate to take into consideration this particular regional distinction that seems to, at least some of the judges in Puerto Rico, seem to think that it applies there. Why isn't that enough to allow for a variant sentence of some degree, since the guidelines are advisory? It's not enough because there's no case-specific reference to it here. Respectfully, there's not a reference to community characteristics in the reporter's transcript or anywhere else. And it still wouldn't suffice because it would have to be present to some degree that's not already incorporated. And especially here, where the case centers on possession and only possession, and there's not even a hint to some other aggravating fact, and there's no criminal history, it wouldn't be warranted here. Excuse me, Judge McAuliffe, I believe, has... Just in passing, are you arguing there are no other aggravating circumstances, in this case, unlike Rivera-Barrios, or are you arguing there may be aggravating factors, but they're just not enough to justify the variants? I'm arguing that this case is so much like Rivera-Barrios, that there aren't aggravating factors in this case. If there is, as far as the look in the record, I would note, even though it's not directly responsive to the court's question, that whether there are factors in the record, I believe, has more to do with the scope of the remand. So, if the court looks at any factors relied on in the colloquy and they're not enough, then the remand is warranted. I think in Rivera-Barrios, where the court looked through the record and said, there's nothing whatsoever aggravating here, so our remand is going to be within the guidelines. There's not a chance at a do-over to find an explanation that goes above the guidelines. Thank you. And as a final note, I'd like to respectfully ask that the court remand the case to another district court judge, because it would be too difficult, at this point, for the district judge to reconsider on appeal. We have your argument in your brief on that point. Thank you. And we'll hear from Mr. Conner, if you would mute your audio and video. All right. Good morning, your honors, and may it please the court. Greg Conner on behalf of the United States. This is a case about precedent and specifically how this court should resolve tensions within its circuit precedent. As you've noticed, Garcia hangs his hat pretty much exclusively on this court's decision in Rivera-Barrios. But the overwhelming weight of authority supported both what the district court factored into its decision and how the district court did so. So this court should affirm the sentence. Now, the district court's individualized assessment is shown in its consideration of Garcia's personal characteristics and his crime. And I start with the personal characteristics for two reasons. First, this was a typical sentencing. The district court followed the roadmap, set forth a goal, and called for 535-53. And the second reason is that roadmap calls for an individualized assessment. So this undermines the idea that there weren't case-specific facts. Of course there were. The whole hearing was about Garcia's case. And I agree with Garcia, his presentation and argument. And to correct the record, Judge Howard, this is not a case where the district court factored into account the community consideration, but that works against Garcia. That means Rivera-Barrios is even less applicable. And as far as the crime itself, the district court had reason to be concerned. This was a recipe for violence. At page 26 to 27 of our brief, there are dozens of cases where this court has said that identifying extra ammunition and the fact that it's loaded takes a case outside of the heartland. In this case, Garcia brought a loaded machine gun with 15 rounds. Was it loaded in Rivera-Barrios? I'm forgetting that as well. It was much less ammunition, I believe, because there was some discussion about the magazines. I think there weren't two extra magazines in Rivera-Barrios. Was there an extra magazine in Rivera-Barrios? There was one. There were two in this case. But I want to be very clear. So just so I understand, I'm trying to get the sense of how come this case is not like Rivera-Barrios. There's one extra magazine. Yes. And there may have been a distinction based on loaded, but we're not sure. It was loaded with 18 rounds. So each is loaded. So the difference here is that there's an extra 40 bullets in the... Right. And that justifies the doubling of the... Which looks a lot like the mini arsenal in Pagan-Walker, which was 72 rounds. But Judge, I want to be very clear that my argument does not hinge on the number of rounds. My argument for Rivera-Barrios is twofold. One, it is distinguishable. There were a lot more rounds. And as the panel has noted, there are aggravating circumstances where there weren't in that case. But more importantly, that sole paragraph of Rivera-Barrios, which has no citation to legal authority whatsoever, that sole paragraph is outweighed by 15 cases. But that might be fine in your view, but as a panel, we have to follow it. Well, and to be clear, I don't think this is a law of the circuit case because that's not really a holding. It looks a lot like dictum without any authority. If I thought it was a holding... The way I'm hearing you, and you tell me if I'm wrong, if Rivera-Barrios is a holding, the reason it doesn't control here is because of the extra magazine and the extra bullets. Yes, and I want to add, Judge Barron, that both before and after Rivera-Barrios, whatever effect that case has on this case, it has to be viewed alongside this court's other cases and not in isolation. And this court has said time and again that extra ammunition takes a case outside of the heartland. And I think the most recent decision is pretty damning for Garcia. This court said, quote, those were well-founded concerns that suffice to remove this case from the heartland of the relevant guidelines. That's Bruno Campos from October. And I think it's significant that those cases happen both before and after Rivera-Barrios. Like I said, the overwhelming weight of the precedent is against him. And by the way, Judge Barron, if I'm wrong about that, let's say there is not this 15 to 1 split in the case law and that no easy answer emerges. One of the ways this court can resolve this issue is just by looking at the guidelines. Do the guidelines contemplate anything other than the machine gun? And the answer is no, it doesn't. And that's why this court has said as much. But that would be fine if Rivera-Barrios didn't say that the guideline has to be read with an understanding about what the amount of ammunition that goes with such a weapon, which it specifically did say. And so I think we're back to there's an extra magazine and there's extra bullets. And that results in a doubling of the sentence, even though Rivera-Barrios rejected that, unless I'm missing something. I do want to make a few points. First, as far as the doubling of the sentence, this court, actually, the Supreme Court has cautioned against that sort of mathematical equation, considering the percentage of the justification. But to your point, if you are concerned that Rivera-Barrios is a holding, and again, I think it looks a lot more like dictum because it's certainly not the core holding of Rivera-Barrios. But the 65 rounds in this case looks a lot more like the 72 rounds in Pagan-Walker than it does, which this court called a mini arsenal. Then it does the 37. It's almost double what the defendant in Rivera-Barrios had with him. And to elaborate on the point that this panel made, I don't think this should come down to remand, but there are aggravating circumstances in this case and there weren't any in Rivera-Barrios. So, Garcia took his loaded machine gun, his two backup magazines, 65 rounds of ammunition to a downtown plaza of Ponce on a weekend night. He specifically admitted that he was with, quote, the wrong acquaintances for protection in these feuds that he had with the men of the women that he had had relationships with. I think that makes this much more volatile that he specifically thought he needed the gun for and his backup friends. Mr. Connor, I know that the record reflects those facts. Does the district court make reference to any of the facts you just referenced in his articulation of the reason for the sentence? No, not as to the context. The district court focuses on the ammunition. But Judge Barron, that's consistent with what this court said was sufficient in Diaz-Lugo. Sorry, was there a question? I know where you're going. That's fine. Thank you. I'm sorry, I lost the third member of the panel. I'm seeing technical difficulties. Hi, this is Dan. Judge McAuliffe, I can see him and I can see Judge Barron and Judge Howard. Mr. Connor, are you having trouble seeing one of the judges? It was just Judge Barron for a while, but they all reappeared. OK, I'll step back. OK, now, as much as I start with the merits, and I do think the merits alone should suffice, if this court disagreed with me and thought that this was a close case, I think Garcia has a serious preservation issue. In fact, what's interesting is he specifically acknowledged that there were aggravating circumstances in this case in his objection. He said that the district court placed too much weight on aggravating circumstances. And obviously, if it was just weighing, if this appeal was only about the weighing of sentencing considerations, that's just about an automatic loss for Garcia on appeal. This court has said it won't jump in to disturb a sentencing court's decision to assign weight to a sentencing consideration. So that is not a winning argument on appeal. And if it's anything else, how is the district court going to know that? At no point does Garcia object to its explanation. In fact, the objection indicates that there was an explanation, and Garcia just did not like in that explanation how much emphasis the district court put on the aggravating factors. So the amount of explanation in this case was consistent with Diaz-Lugo. And again, I don't think that's preserved. If it's not preserved, it's plain air which Garcia weighed. Now, I think I just have one last question. I understand there's a dispute as to whether community factors were considered here. No, sorry, Judge Barron. There's no dispute. That was not an issue in this case. That's right. It's not in the record. Right. Community considerations did not factor into the district court's decision. It was the emphasis. It's not in the record. That's correct. That's correct. And I want to briefly mention that the call for a new judge was only raised for the first time in a reply brief. So that obviously should not be considered. And unless there are other questions from the panel, I refer you to my brief. Well, I guess then maybe just you could, in the cases that you were mentioning, Diaz-Lugo and the like, where there were the references to the ammunition, was there also a reference to community standards? Off the top of my head, I don't remember. I'm not in Bruno Campos or Diaz-Lugo. I provided a pretty long body of case law. So it might have been a part of one of those decisions. But off the top of my head, I don't remember if that was the case. All right. Thank you, Mr. Conner. Thank you. Mr. Lerman, I believe you have two minutes. Kevin Lerman, on behalf of Carlos Garcia Perez. There's not a circuit split between Rivera-Perez, I mean, between Rivera-Berrios and other cases. The other cases clearly involve a combination of factors that the court mentions along with ammunition. Bruno Campos, for example. The court's main focus was the fact that the defendant in that case, with a passenger, crashed a stolen car and the passenger came out carrying a gun. There were two guns and 148 rounds. It's nothing like this case. Diaz-Lugo, there were also multiple rounds. And the court was focused on the fact that the defendant was focused significantly on criminal history, on the commission of the offense, while on supervision and the community factors and were considered in Diaz-Lugo. Pagan-Walker, the court was focused on the defendant's criminal history and reached the conclusion that potential criminal motivations, along with that history, were aggravating factors. This case is significantly different from those cases mentioned. I'd like to talk briefly about aggravating circumstances. Those factors are mentioned significantly different from the pre-sentence report as the government portrays it. We have an issue because inferring facts is completely different than inferring the court's reasons. And on appeal, the government asked this court to infer facts, factual circumstances, which are not relevant conduct. What was described as arguments in the background, which were verbal in nature, have nothing to do with the conduct in this case. And we encourage the court to reject that recommendation that the court considered. Very briefly on preservations. As the court mentioned in page 134 of Rivera-Varillas, objections need not be framed with exquisite precision. There are two paragraphs of objections here. And the key word was factors, that the court did not weigh aggravating factors. And those are listed. The court lists the statutory language. The court actually doesn't apply any of the statutory language to the facts of the case. So an objection that the court didn't weigh the aggravating and mitigating factors of 3553A2 is a reference to the claim itself to that objection, which Carlos Garcia made. Thank you, counsel. You may mute your audio and video, and the court will take a brief recess. That concludes the arguments in this case. Attorney Lerman and Attorney Connor, you should disconnect from the hearing at this time.